■ MARIE L. FETSCH et al., Respondents, v. VILLAGE OF SANDS POINT et al., Appellants.— Appeal (1) from an order denying appellants' cross motion to dismiss the amended complaint for insufficiency, or for other relief, and (2) from another order granting respondents' motion for a temporary injunction restraining condemnation of part of respondents' property. Orders affirmed, with one bill of $10 costs and disbursements. The first cause of action sufficiently alleges a cause of action for prima facie tort. The allegation that appellants' acts caused respondents to incur legal expenses is an allegation of temporal damage. The second cause of action sufficiently alleges a cause of action to enjoin the condemnation in that it is claimed that the purpose of the condemnation was primarily private and only incidentally public. (*Denihan Enterprises* v. *O'Dwyer,* 302 N. Y. 451.) Wenzel, Acting P. J., Beldock, Murphy and Kleinfeld, JJ., concur; Ughetta, J., dissents and votes to modify

the order entered on the cross motion so as to sustain the first cause of action and dismiss the second cause of action and to reverse the order granting a temporary injunction and to deny that motion, with the following memorandum: The second cause of action is by respondents on behalf of all taxpayers at Sands Point. They seek to enjoin the village and its officials from taking some of respondents' land for a public road. It is alleged that the acquisition of this land will be a waste of taxable lands and municipal money, and that the taking is for private use and contrary to the public interests. It is my opinion that the conclusory allegations are insufficient to overcome the legislative judgment in taking this land. The court may not usurp the function of appropriate public officials (*Kaskel* v. *Impellitteri*, 306 N. Y. 73). The pleading does not claim that respondents, as operators of a school as contrasted with being one of the general taxpayers, are damaged by the condemnation. But even if it did, respondents have an appropriate legal remedy if they are so damaged. It is also my opinion that no need is shown for a temporary injunction.